U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

DEC 2 8 2009

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

*09-5289*

| | |
|---|---|
| GREGORY HOLLINGSWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ENTERPRISE RECOVERY SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, GREGORY HOLLINGSWORTH, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, ENTERPRISE RECOVERY SYSTEMS, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4.      GREGORY HOLLINGSWORTH, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Rogers, County of Benton, State of Arkansas.

1

5.      ENTERPRISE RECOVERY SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas.  Defendant is incorporated in the State of Arkansas.

6.      In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV.    ALLEGATIONS

9.      On or about September 22, 2009, Plaintiff received a telephone call from Ms. Jackson, a duly authorized representative of Defendant, who stated that she was calling to collect a debt allegedly owed by Plaintiff.

10.     The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11.     During the course of the aforementioned telephone call, Defendant told Plaintiff that he is the reason that so many young people cannot obtain student loans.

12.     During the course of the aforementioned telephone call, Defendant told Plaintiff that he should have considered the ramifications of receiving a loan before he went out and bought cars, a home and other luxuries.

13.     During the course of the aforementioned telephone conversation, Plaintiff asked Defendant not to talk to him in such a way; Defendant replied that she can talk to Plaintiff any way she likes.

14.     During the course of the aforementioned telephone conversation, Plaintiff attempted to make arrangements to pay an amount towards the debt.

15.     Defendant refused to listen to Plaintiff's attempts to make arrangements to pay an amount towards the debt.

16.     Defendant told Plaintiff that there was nothing more to talk about and intentionally disconnected the call while Plaintiff was still speaking.

17.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

    c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

18.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

19.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NAMEOFPLAINTIFF, by and through his attorneys, respectfully prays for judgment as follows:

3

a.      All actual compensatory damages suffered;

b.      Statutory damages of $1,000.00;

c.      Plaintiff's attorneys' fees and costs;

d.      Any other relief deemed appropriate by this Honorable Court.


Respectfully submitted,
**GREGORY HOLLINGSWORTH**

By: _____
        David M. Marco
        Attorney for Plaintiff

Dated: December 16, 2009

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us