```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**GREGORY HOLLINGSWORTH**                                              PLAINTIFF

   v.                    Civil No. 09-5289

**ENTERPRISE RECOVERY SYSTEMS, INC.**                                  DEFENDANT

## O R D E R

Now on this 14th day of June 2010, comes on for the Court's consideration:

**Defendant's Motion to Dismiss Amended Complaint** (document #10);

**Plaintiff's Motion to Reopen Case** (document #12);

**Plaintiff's Motion for Leave to File First Amended Complaint** (document #13); and

**Plaintiff's Motion to Extend Time Within Which to Respond to Defendant's Motion to Dismiss Amended Complaint** (document #14).

The Court, being well and sufficiently advised, finds and orders as follows with respect to the same:

1.  Plaintiff, Gregory Hollingsworth, commenced this action on December 28, 2009, alleging that Defendant, Enterprise Recovery Systems, Inc., committed various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1562, *et seq.*

2. On January 19, 2009, Defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (document #4).

Plaintiff responded to this motion -- arguing that it lacked merit and that, in fact, his initial complaint did state a claim upon which relief could be granted.

On May 14, 2010, the Court granted the motion to dismiss and ordered Plaintiff's Complaint dismissed, without prejudice. (document #8).

3. On May 24, 2010, Plaintiff filed an Amended Complaint (document #9) under the same case number.

In response, and on June 7, 2010, Defendant filed another motion to dismiss (document #10), contending that this case is closed and that, even if it were not closed, the time period for filing an amended complaint under Rule 15 of the Federal Rules of Civil Procedure has passed.

Defendant further challenges the Amended Complaint on the merits, asserting that it is simply a restatement of the same allegations which the Court has already found to be insufficient to state a claim.

4. Without responding to Defendant's June 7 motion to dismiss (document #10), and before the Court had taken it up or otherwise addressed the issues raised by the filing of his

Amended Complaint (document #9) -- and on June 10, 2010 -- Plaintiff filed the present motions seeking (i) to re-open the closed case; (ii) to secure leave to file an amended complaint; and (iii) additional time to respond to defendant's June 7 motion to dismiss.

In these papers filed June 10, Plaintiff says that he believed he could file an amended complaint without initiating a new action -- because the Court dismissed his complaint without prejudice.  He cites to the Supreme Court's decision in *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), but that case only supports the conclusion that Plaintiff can refile the action; it does not support Plaintiff's contention that he can file an amended complaint in a case that has already been closed without the Court's permission.  He further asserts that he is now requesting permission to re-open this case and to file an amended complaint -- but does not explain why he did not take that approach in the first place. Finally, Plaintiff requests that the Court permit him to postpone responding to Defendant's motion to dismiss -- until after the Court rules on his pending motion to reopen and the motion to amend because, he says, if the Court does not allow him to reopen the case, then the motion to dismiss is moot.  It would seem to the Court that the motion to dismiss is moot right now in view of the fact that the case is, indeed, closed.

5. The Court notes that Plaintiff could have moved the Court to allow him to file an amended complaint in response to Defendant's original motion to dismiss -- instead of resisting the motion and risking the possibility that it might have merit and be granted.  Had he so moved at that time (and attached to his motion a copy of his proposed Amended Complaint), the Court then could have considered the allegations in the amended complaint at that time.  It might well have been that the Court would have permitted the filing of an Amended Complaint and would have denied the motion to dismiss for that reason.

For whatever reason, however, Plaintiff chose not to seek to amend his complaint in the face of a motion to dismiss but, instead, filed a response to it in which he argued for the survival of his claims as pled in his original complaint.

The Court determined that Plaintiff's complaint did not state a claim and, therefore, dismissed the complaint, without prejudice.  That action by the Court kept Plaintiff from being barred from refiling the lawsuit if he chose to do so -- and was consistent with *Semtek*.  In that case, the Supreme Court noted that Black's Law Dictionary defines "dismissed without prejudice" as "removed from the court's docket in such a way that the plaintiff may <u>refile</u> the same suit on the same claim," and further defines "dismissal without prejudice" as "[a] dismissal that does not bar the plaintiff from <u>refiling</u> the lawsuit within

the applicable limitations period." *Semtek,* 531 U.S. at 505 (emphasis added).

It therefore follows, from what has been said, that there is no proper basis to allow this case -- previously dismissed, without prejudice -- to be re-opened as sought by Plaintiff and that, therefore, Plaintiff's several motions should be denied and Defendant's motion to dismiss should also be denied, as moot.

6.   For these reasons, the Court finds that **Plaintiff's Motion to Reopen Case** (document #12) is hereby **DENIED**.  Further, **Plaintiff's Motion for Leave to File First Amended Complaint** (document #13); **Plaintiff's Motion to Extend Time Within Which to Respond to Defendant's Motion to Dismiss Amended Complaint** (document #14); and **Defendant's Motion to Dismiss Amended Complaint** (document #10) are all **DENIED** as moot.

7.   Defendant requests that the Court award it attorneys' fees under 15 U.S.C. §1692k(a)(3) under the FDCPA, which provides that a court may award to the defendant attorneys' fees and costs upon a finding that an action was brought in bad faith and for the purpose of harassment.

While the Court believes that Plaintiff's handling of his attempt to amend his complaint was misguided, the Court declines to award attorneys' fees in this matter as it sees no evidence that these actions were taken in bad faith and/or for the purpose of harassment.

**IT IS SO ORDERED.**

                                              **/s/JIMM LARRY HENDREN**
                                              **JIMM LARRY HENDREN**
                                              **UNITED STATES DISTRICT JUDGE**